```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
MARK SHANNON WHEELER,            :
                                 :
    Plaintiff,                   :
                                 :
vs.                              : CIVIL ACTION NO. 12-00351-CB-B
                                 :
KIM THOMAS,                      :
                                 :
    Defendant.                   :
```

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 42 U.S.C § 1983 by Mark Shannon Wheeler, an Alabama inmate who is proceeding *pro se* and *in forma pauperis*. In addition to his Complaint, which is undergoing screening pursuant to 28 U.S.C. § 1915 (e)(2)(B), Wheeler has also filed the instant "Emergency Ex Parte Injunction" (Doc. 3), which the Court is construing as a motion for a preliminary injunction. According to Wheeler, he is incarcerated at the J.O. Davis Correctional Center in Atmore, Alabama. Wheeler contends that the facility is 200 percent over capacity, and that such overcrowding subjects him to constant physical contact with other inmates and fosters a hostile environment. Wheeler argues that this situation constitutes cruel and unusual punishment in violation of the Eighth

Amendment[1]. Wheeler also contends that the facility has established criteria for the mass early release of non-violent offenders, but has not established criteria for the mass early release of violent offenders, and that such discrimination constitutes an equal protection violation[2]. Wheeler asserts that because prison officials have done nothing to alleviate the excessive overcrowding, imminent danger and serious physical injury is now a reality for him. (Doc. 1).

Wheeler's motion has been referred to the undersigned Magistrate Judge for a recommendation pursuant to 28 U.S. C. § 636(b)(1)(B), Local Rule 72.2 and the standing order of general reference. Based upon a review of Wheeler's motion and Complaint, it is recommended that his motion be denied because his conclusory assertions are not sufficient to establish grounds for the issuance of an injunction.

---

[1] See Brown v. Johnson, 387 F. 3d 1344, 1351 (11th Cir. 2004) (To establish deliberate indifference under the Eighth Amendment, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence.").

[2] See Sweet v. Sec'y Dep't of Corr., 467 F. 3d 1311, 1318-19 (11th Cir. 2006)(To establish an equal protection claim, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and [that] (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.")

In order to prevail on a request for a preliminary injunction, the plaintiff must show: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002); Zardui-Quinatana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). A temporary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites. Id. at 1216; McDonald's Corp. V. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1988). It is mandatory that all four factors are satisfied. United States v. Jefferson Cnty, 720 F.2d 1511, 1519 (11th Cir. 1983). Moreover, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

In this case, Wheeler has not addressed any of the four requirements for obtaining injunctive relief, much less met his burden of persuasion as to those requirements. He has not offered any facts to suggest a likelihood of success on the merits of his claims, which primarily concern overcrowding at

the J.O. Davis facility and the criteria to be utilized in the event there is a mass early release of inmates. Moreover, Wheeler has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Wheeler must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. V. City of Jacksonville, Fla. 896 F.2d 1283, 1285 (11th Cir. 1990); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994)(noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate — as opposed to a merely conjectural or hypothetical — threat of *future* injury."). Here, Wheeler alleges that "I became fearful of explosive hostilities among inmates overall because of conditions related to excess overcrowding with imminent danger and serious physical injury now, is a reality." (Doc. 1 at 5). Notwithstanding Wheeler's use of the terms "imminent danger" and "serious physical injury", he has not identified any injury, imminent or otherwise, that he is likely to sustain if there is not a mass early release of inmates, and if the criteria for any such early release does not include violent offenders.

With respect to the final two elements of the preliminary injunction inquiry, Wheeler has not addressed, let alone

4

demonstrated that any threatened injury to him outweighs the damage the proposed injunction may cause the opposing party or that the proposed injunction would not be adverse to the public interest. In sum, Wheeler has not satisfied the requisite elements for a preliminary injunction; thus, his motion should be denied.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **27th** day of **June, 2012.**

                                                                                  /s/ SONJA F. BIVINS  
                                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  ***Objection***.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[3]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

6

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **27th** day of **June, 2012**.

                                       /s/ SONJA F. BIVINS  
                               **UNITED STATES MAGISTRATE JUDGE**