```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

**MARK SHANNON WHEELER, #139044,** :

    **Plaintiff,** :

**vs.** : CIVIL ACTION 12-0351-CB-B

**COMMISSIONER KIM THOMAS,** :

    **Defendant.** :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding pro se, filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful review, it is the undersigned's recommendation that this action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff names one Defendant, Commissioner Kim Thomas, who is identified as residing in Montgomery, Alabama. Montgomery, which is located in Montgomery County, is in the Middle District of Alabama.

Plaintiff, who is incarcerated at J. O. Davis Correctional Facility in the Southern District of Alabama, complains that the Eighth Amendment is being violated due to overcrowding in the

Alabama Department of Corrections'("ADOC") system. (Id. at 5). He claims that there are actually 31,000 inmates incarcerated, but it is represented that only 25,000 inmates are incarcerated. (Id.). According to Plaintiff, he bumps into other inmates which in turns causes other inmates to become angry with him, and this creates mental stress for him, and a dangerously, hostile environment. (Id.). He further asserts that in past years, he has found this overcrowding in the other prisons where he was incarcerated. (Id. at 4). Even though he is "respectful and go[es] to a lot of extremes to avoid conflict, contact[,] and confrontations of aggression, . . . . bodily contact has become unavoidable in the Alabama Prison System because of extreme[ly] overcrowded conditions, . . . at 31,000 prisoners." (Id.). For example, he alleges that three stabbings happened at G.K. Fountain Correctional Facility the week before he filed this action on May 24, 2012. (Id.).

The relief sought by Plaintiff is a federal takeover of the Alabama Department of Corrections ("ADOC"), and the immediate release of prisoners who have served fifteen years or eighty-five percent of their sentence, whichever is less, until ADOC's inmate population is reduced to the designed capacity. (Id. at 7).

A § 1983 action may be brought in --

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

In the present action, Plaintiff is claiming system-wide overcrowding in ADOC's institutions, and directs his claim to one Defendant, the Commissioner, who is located in the Middle District. Accordingly, it is recommended, in the interest of justice, and for the convenience of Defendant, that this action be transferred to the United States District Court for the Middle District of Alabama. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"); Roofing & Sheet Metal Servs. v. LaQuinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision

is left to "sound discretion of the district court and [is] reviewable only for an abuse of that discretion.").

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **7th** day of **January, 2013**.

<u>   /s/ SONJA F. BIVINS   </u><br>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[1]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.